ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --                            )
                                         )
Al Arrab Contracting Co. Ltd.            )        ASBCA Nos. 58493, 58877
                                         )
Under Contract No. W90BRJ-06-C-0016      )

APPEARANCES FOR THE APPELLANT:        Drew A. Harker, Esq.
                                      Stuart W. Turner, Esq.
                                      Lauren J. Schlanger, Esq.
                                        Arnold & Porter LLP
                                        Washington, DC

APPEARANCES FOR THE GOVERNMENT:       Raymond M. Saunders, Esq.
                                        Army Chief Trial Attorney
                                      Kyle E. Chadwick, Esq.
                                      MAJ Michael G. Pond, JA
                                      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE PEACOCK ON THE
GOVERNMENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

These appeals involve delays in the performance of a contract for the
construction of schools in Saudi Arabia. The government has filed a motion for partial
summary judgment (motion) regarding appellant's entitlement for delay. Subsequent
filings and briefing related to the motion concluded on 6 July 2015.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. Al Arrab Contracting Co. Ltd. (ACC or appellant), was awarded the
referenced contract on 21 January 2006 by the United States Army, Office of the
Program Manager (Army or government), in the amount of SR 50,000,400 (Saudi
riyals) for the construction of three school buildings in Riyadh, Saudi Arabia, for the
Saudi Arabian National Guard (R4, tab 1 at 1-2).

2. As awarded, the contract required completion of the buildings within
730 days by 4 February 2008 (gov't statement of undisputed facts ¶¶ 2, 3).

3. Construction of the schools was completed on or before 30 June 2012.
Between 5 May 2008 and 23 July 2012, the parties executed ten bilateral modifications
and two unilateral modifications extending the contract completion date to 31 August
2012. None of the bilateral modifications contained an express reservation by

appellant of rights to file claims for delays and impacts resulting from the extended performance of the contract by in excess of four years. Bilateral Modification Nos. P00004, P00006, and P00007 increased the contract price by SR 150,000, SR 84,619 and SR 351,000, respectively. Bilateral Modification No. P00005 decreased the contract price by SR 55,000. The remaining modifications made no adjustment to the contract price. (R4, tabs 3.4-3.7, 3.18) Each of the pertinent modifications contained the following "Release" language: "In consideration of the modification agreed to herein, the Contractor hereby releases the Government from any and all liability under this contract for further equitable adjustments attributable to such facts or circumstances giving rise to this modification" (*id.*).

4. In a sworn "Declaration" appended to ACC's reply to the motion, appellant's project manager avers that to the extent that the modifications included price adjustments they were of "limited scope" and that "on multiple occasions" the government "assured [its] representatives that the Government would...consider" a future delay/impact claim from appellant relating to alleged government-caused delays (Syed Laique Hashmi (Hashmi) decl. ¶¶ 11, 14, 15).

5. In particular, the project manager's Declaration avers that he discussed ACC's pending delay/impact claim with the government's chief construction engineer (CCE) on 20 July 2011. According to ACC's project manager, the CCE encouraged appellant to submit the claim and also recommended a claim expert whom ACC subsequently retained. (Hashmi decl. ¶¶ 17-19)

6. Appellant's project manager also states that in February 2012, a "senior" government official inquired about the ACC's intent to submit the claim (Hashmi decl. ¶ 21).

7. ACC submitted a total cost claim on 1 July 2012 seeking compensation for the cumulative effect of the government's conduct, including project delay costs (R4, tab 5 at 2-4).

8. In early September 2012, ACC's project manager avers that he and the CCE discussed possible procedures for negotiating a settlement of the claim (Hashmi decl. ¶ 23).

9. The contracting officer (CO) issued an initial final decision on the claim on 25 September 2012 and, following a settlement conference, an amended final decision on 17 June 2013. Both decisions addressed the merits and substance of ACC's claim. Neither final decision alleged that ACC had released its rights to file the claim by virtue of its execution of the bilateral modifications noted above. (R4, tab 4B at 725-27, tab 6) The amended final decision also evinced the government's

willingness to revisit the possible settlement of the claim following further substantiating documentation stating as follows:

> All contract modifications that extended time only with no changes to the requirements were issued to allow the contractor time to complete corrective actions required due to workmanship deficiencies or were in response to the contractor's request for additional time to complete specified tasks. In the spirit of supporting the contractor through project completion, the Saudi customer and ultimate bill payer for the 3 school buildings requested that no liquidated damages be assessed. Only 662 days of the total contract extension were associated with approved contract changes.

(R4, tab 6, ¶ 5)

10. Both decisions were timely appealed. Prior to the instant motion, there is no assertion in the record cited by the Army that appellant released its claim rights as a result of its execution of the bilateral modifications.

## DECISION

The government contends that appellant's rights to pursue the claims involved in these appeals were "extinguished" by virtue of its execution without reservation of the bilateral modifications noted in our findings. We have carefully considered the Army's allegations and the underlying modifications in question but conclude that there are genuine issues of material fact that preclude summary judgment. In particular, these triable issues pertain to the parties' intentions and course of conduct regarding the scope of the modifications and treatment of delay/impact costs resulting from the extended performance of the referenced contract for more than four years after its originally scheduled completion date. That course of conduct culminated in the issuance of two CO final decisions without mention of the Army's release defense which was first asserted on appeal.

3

The government's motion for partial summary judgment is denied.

Dated: 29 July 2015

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58493, 58877, Appeals of Al Arrab Contracting Co. Ltd., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4